UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

-v-

ANTONIO MORA

Defendant.

---

19-CR-514 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

Defendant Antonio Mora has been charged with firearms and narcotics offenses, including use of a firearm in furtherance of a drug trafficking crime. Defendant has been detained since his arrest on July 19, 2019.

On April 23, 2020, Defendant filed an application for bail, arguing that the COVID-19 pandemic poses a health risk to Defendant in confinement at MCC, warranting his release on bail. (*See* Dkt. No. 32.) The Government has opposed Defendant's application. (*See* Dkt. No. 33.) The Court has reviewed the parties' submissions.

Temporary release under 18 U.S.C. § 3142(i) is authorized if "release [is] necessary for preparation of the person's defense or for another compelling reason." The proper inquiry is a balancing test. That is, to determine whether release is justified for a "compelling reason," the Court must "balanc[e] the reasons advanced for release against the risks posed by release." *United States v. Chambers*, No. 20-CR-135, 2020 WL 1530746, at *1 (S.D.N.Y. Mar. 31, 2020).

Defendant suffers from asthma, a condition that presents a heightened risk of more severe health complications if COVID-19 is contracted. As Defendant persuasively argues, the COVID-19 pandemic presents an extraordinary situation, particularly with respect to prison and jail populations. "[I]nmates may be at a heightened risk of contracting COVID-19 should an outbreak develop." *United States v. Stephens*, No. 15-CR-95, 2020 WL 1295155, at *2

1

(S.D.N.Y. Mar. 19, 2020).  While there is a strong case for reducing jail and prison populations generally during this pandemic, such a goal must be achieved "on a case-by-case basis," considering all relevant factors including, importantly, the danger posed by the defendant's release.  *Id.*

Having carefully considered the factors in 18 U.S.C. § 3142(g) and the balancing required by § 3142(i), the Court denies Defendant's bail application for substantially the same reasons advanced by the Government.  While Defendant's asthma presents a degree of greater risk to Defendant in the event that he contracts COVID-19, that risk is not outweighed by the significant danger that Defendant's release would pose.  This conclusion is based primarily on (1) the nature and seriousness of the charges in this case and the strength of the evidence, (2) the evidence that Defendant has been directly involved in shootings, and (3) the Defendant's serious and violent criminal history.  "Simply put, the danger to the community presented by [Defendant's] release outweighs, substantially, the danger to himself presented by his incarceration."  *Chambers*, 2020 WL 1530746, at *1 (quoting *United States v. Conley*, No. 19-CR-131, ECF No. 366, at 2–3 (S.D.N.Y. Mar. 31, 2020)); *see id.* (denying temporary release to asthmatic defendant under § 3142(i)).

Accordingly, Defendant's motion for temporary release is denied.

The Clerk of Court is directed to close the motion at Docket Number 32.

SO ORDERED.

Dated: May 4, 2020
New York, New York

_____
J. PAUL OETKEN
United States District Judge

2