UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

-v-

ANTONIO MORA,
                     Defendant.

19-CR-514 (JPO)

ORDER

---

J. PAUL OETKEN, District Judge:

      Defendant Antonio Mora is charged in an indictment with (1) conspiring to distribute one kilogram and more of heroin and 280 grams and more of crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), and (2) using and discharging a firearm in furtherance of that conspiracy, in violation of 18 U.S.C. §§ 924(c) and 2.  The trial is scheduled to begin on April 21, 2021.  Defendant has filed a motion for a bill of particulars.  (*See* Dkt. Nos. 24-26.)  The Government has filed an opposition to the motion.  (*See* Dkt. No. 50.)

      "Whether to grant a bill of particulars rests within the sound discretion of the district court."  *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) (citation omitted).  "A bill of particulars is required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused."  *United States v. Chen,* 378 F.3d 151, 163 (2d Cir. 2004) (internal quotation marks and citation omitted).  If the information the defendant seeks "is provided in the indictment or in some acceptable alternate form," such as discovery, no bill of particulars is required.  *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987).  Moreover, "[t]he Government is not required to disclose the manner in which it will attempt to prove the charges, nor the means by which the crimes charged were committed.  Therefore, 'the Government is not required to give information that would, in effect, give the defendant a preview of the Government's case before trial.'"  *United States v. Triana-Mateus*,

No. 98 Cr. 958, 2002 WL 562649, at *5 (S.D.N.Y. Apr. 15, 2002) (citation omitted); *see also United States v. Muyet*, 945 F. Supp. 586, 598-99 (S.D.N.Y. 1996) ("[I]t is improper to use a bill of particulars to compel the Government to disclose the manner in which it will prove the charges or preview its evidence or legal theory." (quotation marks and citations omitted)).

The Court is not persuaded that a bill of particulars is necessary or warranted in this case, substantially for the reasons given in the Government's opposition.  This is simply not a case in which the indictment and charges are so unclear that the defendant has failed to receive fair notice of the charges against him.  The more detailed information sought by Defendant regarding the conspiracy charge — such as the identity of each co-conspirator and precise dates — is not the proper subject of a bill of particulars in a case like this one.  In addition to the notice provided by the indictment, Defendant has received substantial information about the Government's case from Rule 16 discovery, and will receive additional information in advance of trial from pretrial disclosures.

Accordingly, Defendant's motion for a bill of particulars is denied.

The Clerk of Court is directed to close the motion at Docket Number 24.

SO ORDERED.

Dated: December 21, 2020
      New York, New York

                                                    J. PAUL OETKEN
                                                United States District Judge