UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――――――――

UNITED STATES OF AMERICA

          -v-                                                  19-CR-514 (JPO)

ANTONIO MORA,                                           ORDER
                           Defendant.

―――――――――――――――――――――――――――――――

J. Paul Oetken, District Judge:

       Defendant Antonio Mora has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or otherwise correct his sentence based on the alleged ineffective assistance of his counsel at sentencing. (*See* ECF No. 115.) Mr. Mora, proceeding *pro se*, presents three arguments in support of his claim. First, he argues that defense counsel failed to request a delay in sentencing to provide him with an opportunity to review and make an objection to the PSR's drug weight calculation. Second, he contends that defense counsel failed to provide him with a copy of the parties' sentencing submissions. Finally, he argues that defense counsel prevented him from submitting a letter to the Court before sentencing. The Government has filed a response to Mr. Mora's motion. (ECF No. 116.)

       On November 1, 2021, Mr. Mora pleaded guilty to participating in two conspiracies to distribute crack cocaine and heroin in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) and to using a firearm in furtherance of the narcotics conspiracies in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and (2). On March 16, 2022, this Court sentenced Mr. Mora to the statutory mandatory minimum term of imprisonment for these offenses, a total of 240 months' imprisonment.

       In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court articulated a two-pronged test to evaluate an ineffective assistance claim. Under *Strickland*, a defendant must

show "first, that counsel's performance was deficient and, second, that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial." *Strickland*, 466 U.S at 669.  "Failure to establish either component is sufficient to defeat a defendant's claim." *United States v. Cureton*, No. 18-3789-CR, 2022 WL 17726842, at *2 (2d Cir. Dec. 16, 2022).  Because it is often "easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice[,]" a court may consider the question of prejudice before evaluating counsel's performance.  *Strickland,* 466 U.S. at 697.  To satisfy the second prong of *Strickland*, a defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Cureton*, 2022 WL 17726842, at *2 (internal citation omitted).

      Mr. Mora did not suffer prejudice under the second prong of *Strickland* because he was sentenced to the statutory mandatory minimum sentence of imprisonment.  In his guilty plea, Mr. Mora admitted to possessing and distributing large quantities of narcotics, conspiring with others to sell narcotics, and using a firearm in furtherance of the narcotics conspiracy.  (ECF No. 104).  Mr. Mora does not dispute his guilty plea, nor that he received the mandatory minimum sentence for each offense.  Therefore, as a matter of law, he cannot show that but for counsel's alleged errors, he would have received a more lenient sentence.

      Mr. Mora argues separately that the PSR's drug weight calculation was based on a "misunderstanding about the aggregate amount of narcotics" and that he should have had an opportunity to object to the quantity.  (Tr. at 2).  According to Mr. Mora, future changes in law could change the drug weight thresholds for the mandatory minimum which may apply retroactively to his case.  *Id.*  Mr. Mora's argument is speculative and does not demonstrate prejudice.  *See DeCarlo*, 2013 WL 1700921, at *4 ("'[P]urely speculative' arguments about the

impact of an error do not establish prejudice.") (citation omitted).  Because Mr. Mora fails to demonstrate that he suffered prejudice as a result of his counsel's representation, the Court need not and does not address the first *Strickland* prong.

Because Mr. Mora has not presented a substantial claim or shown a likelihood of success, his request for appointment of counsel is denied.

Defendant's motion to vacate his sentence under 28 U.S.C. § 2255 is denied.

Because this motion makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

SO ORDERED.

Dated: October 3, 2023
New York, New York

_____
J. PAUL OETKEN
United States District Judge

The Clerk of Court is directed to mail a copy of this order to Defendant at the following address, and to update ECF to reflect this address:

> Antonio Mora
> 87036-054
> USP Victorville
> P.O. Box 3900
> Adelanto, CA 92301

3